# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JAVIER COLIN FLORES                                                         PLAINTIFF

V.                              No. 4:20CV00207-KGB-JTR

VAN BUREN COUNTY JAIL, *et al.*                                           DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Javier Colin Flores ("Flores") has filed a *pro se* § 1983 Complaint and Amended Complaint alleging that, while he was incarcerated in the Van Buren

County Jail ("VBCJ"), Defendants violated his constitutional rights. *Docs. 1 & 9.* Before Flores may proceed with this case, the Court must screen his claims.[1]

## II. Discussion

In his Complaint, Flores alleges that, when he was tested for tuberculosis the last week of January 2020 at the VBCJ, "the doctor" said he "might have" tuberculosis and needed further testing. On February 11 or 12, he was taken to the hospital for x-rays. He was later prescribed "INH," a tuberculosis medication, but "the doctor" had not informed him of any testing results or provided any medical consultation regarding his condition or treatment. Finally, Flores alleges that he believes INH can be harmful to him because he is a diabetic. He names the VBCJ as the only Defendant. As relief, he seeks "correct medical attention" and for the VBCJ "to get organized and corrected for no future spreads or case[s] like [his]." He also seeks compensatory damages. *Doc. 1 at 1 & 4-5.*

In his Amended Complaint, Flores alleges that the following Defendants "are responsible for the alleged constitutional violations": Lucas Emberton, Van Buren

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

County Sheriff; Mike Shamoon, VBCJ Jail Administrator; and Randy Churches, Van Buren County Chief Officer. *Doc. 9 at 1*.

On about March 1, 2020, Flores was transferred to the Pulaski County Regional Detention Facility. *Doc. 5*.

### A.   Defendant Van Buren County Jail

It is well settled that a county detention facility is *not* a legal entity that can be sued in a § 1983 action. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski County Detention Facility*, 278 F. App'x 695, 695 (8th Cir. 2008). Accordingly, all claims against Defendant VBCJ should be dismissed.

### B.   Defendants Emberton, Shamoon and Churches

Despite naming Emberton, Shamoon and Churches as Defendants, Flores makes no specific factual or legal allegations against any of them. Merely naming an individual as a Defendant is insufficient to state a claim against that individual. *See Krych v. Hvass,* 83 F. App'x 854, 855 (8th Cir. 2003) (holding that *pro se* plaintiff failed to state a claim against individuals that he "merely listed" in the complaint as defendants). Instead, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and the complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 676 & 678. Liability under § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Nothing in Flores's pleadings suggests that Emberton, Shamoon and Churches were personally involved in, or had any direct responsibility for, Flores's medical care.

To the extent that Flores seeks to hold Defendants liable because of their supervisory positions, it is well settled that a supervisor may not be held vicariously liable, in a § 1983 action, for the constitutional violations of a subordinate. *Iqbal,* 556 U.S. at 676 (holding that "vicarious liability is inapplicable to … § 1983 suits"); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").

This is particularly true in areas involving medical diagnoses and treatment. Case law is clear that prison supervisors, who lack medical expertise, cannot be held liable for decisions made by medically trained prison staff. *See Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (holding that prison medical director cannot be liable for treating staff's diagnostic decisions, and prison officials cannot substitute their judgment for medical professional's prescription); *Keeper*, 130 F.3d at 1314 (holding that a prison superintendent could not be held liable for a prison doctors'

4

failure to properly diagnosis symptoms of an impending stroke).

Furthermore, because Flores is no longer incarcerated at the VBCJ, the injunctive relief he seeks against Defendants – "correct medical attention" and for the VCBJ "to get organized and corrected" – is no longer available. *See Zajrael v. Harmon,* 677 F.3d 353, 355 (8th Cir. 2012) (holding that a prisoner's request for injunctive relief is rendered moot when he is transferred to another facility and is no longer subject to the allegedly unconstitutional conditions).

Finally, even if Flores could link any named Defendant to the alleged constitutional violations, his allegations do not state a viable inadequate medical care claim. "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976).[2] To plead a viable inadequate medical care claim, Flores must allege facts suggesting that: (1) he had "objectively serious medical needs"; and (2) subjectively, Defendants "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019). Prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than

---

[2]The Eighth Circuit applies the same "deliberate indifference" standard to inadequate medical care claims whether brought by pretrial detainees, under the Fourteenth Amendment, or by convicted prisoners, under the Eighth Amendment. *See Barton v. Tabor,* 908 F.3d 1119, 1123-24 (8th Cir. 2018).

gross negligence," to make out a constitutional violation. *Id.* Deliberate indifference may, however, be found where "medical care is so inappropriate as to evidence intentional maltreatment," or amounts to "criminal recklessness." *Johnson v. Leonard*, 929 F.3d 569, 575-76 (8th Cir. 2019). Significantly, prisoners have no "right to receive a particular or requested course of treatment," and prison doctors "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

At best, Flores alleges that, for about two weeks after a preliminary test showed he "might have" tuberculosis and he was sent for further testing, unnamed medical personnel at the VBCJ did not inform him of the later test results, did not consult with him about his condition or course of treatment, and prescribed a medication that he believed was improper in light of his diabetic condition. Regardless of the test results, there is no allegation that anyone refused to treat Flores for possible tuberculosis or that the medical treatment he received adversely affected him. His belief that the prescribed medication was improper amounts to a disagreement with the medical personnel who prescribed it. Thus, his allegations do not establish that anyone was "deliberately indifferent" to his serious medical needs.

Accordingly, for all these reasons, the Court recommends that Flores's claims against Defendants Emberton, Shamoon and Churches be dismissed, without prejudice for failing to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Flores's Complaint and Amended Complaint (*Docs. 1 & 9*) be DISMISSED, WITHOUT PREJUDICE.

2. The dismissal of this case count as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 3rd day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE